**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENNETH RAY FULLER,

Petitioner-Appellant,

v.

RON CHAMPION and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 99-6207
(D.C. No. CIV-98-312-L)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.    *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Kenneth Ray Fuller appeals from the district court's denial of his habeas petition, filed pro se pursuant to 28 U.S.C. § 2254. Petitioner was convicted of conspiracy to commit unlawful delivery of a controlled dangerous substance and delivery of a controlled dangerous substance (cocaine), and is serving two, 200-year, concurrent sentences. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Under the provisions of the Antiterrorism and Effective Death Penalty Act, petitioner must obtain a certificate of appealability before his appeal can proceed before this court. *See id.* § 2253(c)(1)(A). Petitioner must demonstrate "a substantial showing of the denial of a constitutional right" before a certificate of appealability can issue. *See id.* § 2253(c)(2). Petitioner also seeks leave to proceed on appeal in forma pauperis; that request is granted.

In his habeas application, petitioner claimed 1) prosecutorial misconduct, 2) ineffective assistance of trial counsel, 3) double jeopardy, 4) insufficient evidence of conspiracy, 5) excessive sentences, 6) trial court error in refusing to remove jurors for cause, and 7) trial court error in denying a motion for the jury to view the premises. The magistrate judge recommended that these issues be rejected. After objections, the district court adopted the magistrate judge's recommendation and denied the petition.

On appeal from the district court's ruling, petitioner raises and argues the same seven issues. Our review of the district court's disposition in light of petitioner's arguments and the applicable law convinces us that, for substantially the reasons set forth in the magistrate judge's findings and recommendation, *see* R. Vol. I, doc. 18, petitioner has not demonstrated the denial of a constitutional right. Accordingly, we DENY petitioner a certificate of appealability and DISMISS this appeal. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge